FILED
2011 Aug-30  AM 09:51
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| LEANNA PERRY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 10-G-2528-M |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

The plaintiff, Leanna Perry, brings this action seeking judicial review of a final adverse decision of the Commissioner of the Social Security Administration (the Commissioner) denying her application for Social Security Benefits.  Leanna Perry filed an application for Social Security Benefits.  Thereafter, plaintiff timely pursued and exhausted the administrative remedies available before the Commissioner.  Accordingly, this case is now ripe for judicial

review pursuant to the provisions of 42 U.S.C. § 405(g).

The sole function of this court is to determine whether the decision of the Commissioner is supported by substantial evidence and whether proper legal standards were applied. Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983). To that end this court "must scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence." Bloodsworth, at 1239 (citations omitted). Substantial evidence is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." Bloodsworth, at 1239. This Court may not reweigh the evidence, or substitute its own judgment for that of the Commissioner, even if it finds that the evidence preponderates against the Commissioner's decision. See Phillips v. Barnhart, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004).

The court has carefully reviewed the entire record in this case and is of the opinion that the Commissioner's decision is supported by substantial evidence and that proper legal standards were applied in reaching that decision. In particular, the court notes that the ALJ gave reasons for rejecting the plaintiff's pain testimony that were supported by substantial evidence. The ALJ noted that plaintiff's lumbar MRIs performed in 2006 and 2008 were normal. He also noted that the most significant diagnostic test findings were from a CT scan in 2009,

which revealed only small annulus tears at L4-5 and LS-Sl, but with no focal protrusion and no herniation.  This resulted in only mild foraminal stenosis.  The ALJ also noted in his decision that the patient's pain management specialist, Dr. Muratta, had failed to identify lower extremity radicular symptoms.  The ALJ noted that when strength was measured at 4/5, Dr. Muratta stated that he felt it was a poor effort on the claimant's part, noting she had absolutely no difficulty ascending the examination table.  The ALJ also noted that the consultative examiner, Dr. Russell was unable to detect a definite loss of range of motion of any extremity, and in spite of complaints of back pain, the claimant exhibited full range of motion of the cervical and lumbar spine.

> The ALJ also rejected the plaintiff's allegations of disabling depression and anxiety, and the consultative examiner's opinion that the plaintiff' was severely compromised in her ability to relate interpersonally and withstand the pressures of everyday work.  In doing so, the ALJ noted that the plaintiff had not sought treatment from a mental health specialist.  He also observed that the claimant had not exhibited the degree of limitation suggested by Dr. Nichols when presenting to treating medical sources.  The ALJ also found Dr. Nichols' assessment to be inconsistent with her assignment of a GAF score of 60, which put

the plaintiff at the upper limit of the moderate symptoms range.[1]

For these reasons, the court finds the ALJ's decision was supported by substantial evidence. Accordingly, the decision of the Commissioner must be affirmed. A separate order in conformity with this memorandum opinion will be entered.

DONE and ORDERED 29 August 2011.

UNITED STATES DISTRICT JUDGE
J. FOY GUIN, JR.

---

[1] The Global Assessment of Functioning (GAF) Scale is used to report an individual's overall level of functioning. Diagnostic and Statistical Manual of Mental Disorders 32 (4th Edition, Text Revision) ("DSM-IV-TR"). A rating of 51-60 reflects: "Moderate symptoms (e.g., flat affect and circumstantial speech, occasional panic attacks) OR moderate difficulty in social, occupational, or school functioning (e.g., few friends, conflicts with peers or co-workers.)" DSM-IV-TR at 34 (emphasis in original). A GAF of 61-70 is defined as some mild symptoms (e.g., depressed mood and mild insomnia), or some difficulty in social, occupational, or school functioning (e.g., occasional truancy, or theft within the household), but generally functioning pretty well, with some meaningful interpersonal relationships. DSM-IV-TR, 34.